IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

**FILED**

December 3, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| BILLY FLOWERS | ) | HICKMAN CHANCERY |
| and AMY FLOWERS, | ) | |
| | ) | |
| Plaintiffs/Appellants | ) | NO. 01A01-9806-CH-00315 and |
| | ) | NO. 01A01-9806-CH-00286 |
| v. | ) | (consolidated cases) |
| | ) | |
| CHARLES R. HORNER and | ) | DONALD P. HARRIS, |
| REBA M. HORNER, | ) | CHANCELLOR |
| | ) | |
| Defendants/Appellees | ) | AFFIRMED |

Douglas Thompson Bates, Centerville, for Appellants.
Allston Vander Horst, Centerville, for Appellees.

# M E M O R A N D U M   O P I N I O N

INMAN, Senior Judge

This controversy may, perhaps, be described as a boundary dispute.

The development of Riverview Estates Subdivision began in 1971 with the recordation of a plat which provided for a cul-de-sac fifty feet in width centered on the West boundary of Lot 23.

The physical location of the cul-de-sac was moved about 183 feet westwardly sometime between 1971 and 1974, and the description of Lot 23 was enlarged by the inclusion of a strip 30 feet wide and 133 feet long. The recorded plat was not amended to reflect the relocated cul-de-sac.

Lot 23 was acquired by the plaintiffs in 1995 following three mesne conveyances each of which references "Lot 23, Riverview Estates Subdivision, Section D, as surveyed by Lonnie Gilliam, Dec. 29, 1971," but each conveyance included the 30 X 133 tract.

The plaintiffs insist that the location of the cul-de-sac is fixed by the recorded plat, and not by the metes and bounds description in her and his predecessors' deeds.

The defendants own Lot 22, and they insist that the metes and bounds descriptions control, superimposed upon the significant physical location of the cul-de-sac, plain for all to see.

The trial judge agreed with the defendants, holding that the plaintiffs failed to prove that they relied on the recorded plat in any way in purchasing Lot 23.

This case is peculiarly one for affirmance pursuant to Rule 10, Rules of the Court of Appeals.[1]

The judgment is affirmed at the costs of the appellants.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Herschel P. Franks, Judge

---

[1] **Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]